133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carroll DUNCAN, Plaintiff-Appellant,
v.
PRUDENTIAL HEALTH CARE PLAN OF CALIFORNIA, INC., Defendant-Appellee.
 No. 96-56190.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Dec. 4, 1997.
Decided Jan. 7, 1998.
 
 1
 Before: SCHROEDER and KOZINSKI, Circuit Judges, and WHYTE,** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 The plan gave Prucare the authority to determine prevailing opinion about whether the treatment was experimental. A determination of prevailing opinion, as a judgment call, requires the exercise of discretion by the plan administrator. See Bogue v. Ampex Corp., 976 F.2d 1319, 1325 (9th Cir.1992). "[I]f the plan administrator has the authority to determine eligibility for benefits, that inherently confers discretion upon him." Snow v. Standard Ins. Co., 87 F.3d 327, 330 (9th Cir.1996). The district court correctly applied an abuse of discretion standard in reviewing the plan administrator's decision.
 
 
 4
 The plan had not been printed and distributed to participants at the time the administrator made the decision. The record indicates, however, that the administrator considered the correct criteria. Because Duncan never rested a copy of the plan, he cannot argue that he was prejudiced by the fact that copies of the plan had not been distributed.
 
 
 5
 The plan administrator's decision was not an abuse of discretion. The administrator had an advisory board review the appropriate literature, and she based her decision on their recommendations. We agree with the district court that her reliance was warranted.
 
 
 6
 We also reject Duncan's argument that a "modified" abuse of discretion standard applies under Firestone Tire & Rubber Co. v. Bruch, 189 U.S. 101, 115 (1989). Duncan's allegation that the administrator might have been swayed by the prospect of a higher bonus was contradicted at trial, and the district court found that the decision was not tainted by a conflict of interest. Duncan therefore did not carry his burden of providing "material, probative evidence" that the conflict caused a breach of fiduciary duty. Atwood v. Newmont Gold Co., 45 F.3d 1317, 1323 (9th Cir.1995). AFFIRMED.
 
 
 
 **
 The Honorable Ronald M. Whyte, Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3